UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GARY BROWN,                                        :

        Petitioner,                       :      05 Civ. 7748 (GWG)

  -v.-                                                    :      **OPINION AND ORDER**

JOSEPH DAVID,                                     :

        Respondent.                      :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Gary Brown, proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his November 8, 1995 conviction in the Supreme Court of the State of New York, New York County, for Attempted Robbery in the Second Degree (New York Penal Law ("N.Y.P.L.") §§ 110.00, 160.10(1) & (2)(b)). Brown was sentenced as a persistent violent felony offender to a term of six years' to life imprisonment. Brown was released on parole in 1997 but is currently in the custody of Hudson Correctional Facility as a result of a parole violation. The parties have consented to the adjudication of this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

I. BACKGROUND

      A. The Trial, Plea and Sentence

      On September 25, 1991, Brown was arrested with a co-defendant for robbery at an apartment building. See Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus, filed Mar. 24, 2006 (Docket #9) ("Resp. Mem."), at 2. During a pat-down, the police seized a knife from Brown. The robbery victim identified Brown at a lineup less than two hours after the crime. Id. Brown was charged with two counts of Robbery in the Second Degree

(N.Y.P.L. § 160.10(1) & (2)(b)), and one count of Possession of a Knife, a violation of the New York City Administrative Code. See Resp. Mem. at 2. Brown's motion to suppress the knife and the identification testimony was denied. Following his conviction at trial of two counts of Robbery in the Second Degree and one count of Possession of a Knife, Brown was sentenced as a persistent violent felony offender to two prison terms of twelve years to life for the two counts of Second Degree Robbery and 15 days for Possession of a Knife, all to run concurrently. (S1. 415, 431-32).[1]

On May 30, 1995, the Appellate Division reversed the conviction on the ground that there was an insufficient basis for the initial stop and thus that the knife should have been suppressed. See People v. Brown, 215 A.D.2d 333, 333 (1st Dep't 1995). The court ruled that the lineup identification was lawful, however. Id. at 333-34. Following remand, Brown pled guilty to the lesser charge of Attempted Robbery in the Second Degree – in satisfaction of all the pending charges – on the understanding that he would be sentenced to six years to life. (P. 2, 6-11). Defense counsel agreed that Brown was a persistent violent felony offender. (P. 5). At the sentencing on November 8, 1995, Brown was served with a mandatory persistent violent felony offender statement, see New York Criminal Procedure Law ("C.P.L.") § 400.16, N.Y.P.L. § 70.08, which Brown acknowledged he was not controverting. (S2. 3-5). The trial court then found Brown to be a mandatory persistent violent felony offender and sentenced him to a prison term of six years to life. (S2. 5-6).

---

[1] "S1." refers to the transcript of the sentencing hearing held on March 23, 1993. "P." refers to transcript of Brown's plea hearing held on October 23, 1995. "S2." refers to the transcript of the sentencing hearing held on November 8, 1995. These three transcripts were filed together in a single volume as Docket #11.

B. Direct Appeal and Subsequent Motions

Brown appealed his conviction alleging that the lineup identification should have been suppressed. See Brief for Defendant-Appellant, undated (reproduced as Ex. C to Declaration in Opposition to Petition for a Writ of Habeas Corpus, filed Mar. 24, 2006 (Docket #10) ("Resp. Decl.")). The Appellate Division affirmed Brown's conviction. See People v. Brown, 233 A.D.2d 228 (1st Dep't 1996). On January 15, 1997, Brown sought leave to appeal to the New York Court of Appeals – again arguing the identification issue. See Letter from David Blair-Loy to Judge Smith, dated Jan. 15, 1997 (reproduced as Ex. G to Resp. Decl.). On March 5, 1997, the Court of Appeals denied Brown's leave application. See People v. Brown, 89 N.Y.2d 1009 (1997). On October 6, 1997, the United States Supreme Court denied certiorari. See Brown v. New York, 522 U.S. 833 (1997).

C. Post-Trial Motion

More than seven years later, on October 18, 2004, Brown filed a pro se motion to set aside his sentence pursuant to C.P.L. § 440.20. See Notice of Motion to Set Aside Sentence C.P.L. § 440.20, dated Oct. 18, 2004 (reproduced as Ex. K to Resp. Decl.). Brown claimed that he should be re-sentenced because he was improperly adjudicated as a mandatory persistent violent felony offender under state law. Id. at 1-2. The motion was denied on December 7, 2004, without a hearing or opinion. See Motion to Set Aside Sentence Pursuant to C.P.L. § 440.20, dated Dec. 7, 2004 (reproduced as Ex. M to Resp. Decl.). On December 30, 2004, Brown sought leave to appeal the denial of his C.P.L. § 440.20 motion. See Notice of Motion to Grant Permission to Appeal [C.P.L. § 460.15] [sic], dated Dec. 30, 2004 (reproduced as Ex. N to Resp. Decl.). The Appellate Division denied the application on February 17, 2005. See

Certificate Denying Leave, dated Feb. 17, 2005 (reproduced as Ex. P to Resp. Decl.). On March 14, 2005, Brown filed a pro se motion with the Court of Appeals pursuant to C.P.L. § 460.20, seeking leave to appeal the Appellate Division's denial of leave to appeal. See Notice of Motion to Grant Permission to Appeal C.P.L. § 460.20, dated Mar. 14, 2005 (reproduced as Ex. Q to Resp. Decl.). The Court of Appeals dismissed Brown's leave application because the Appellate Division's order was not appealable. See Certificate Dismissing Application, dated May 5, 2005 (reproduced as Ex. R to Resp. Decl.). On July 7, 2005, the Court of Appeals dismissed Brown's application for reconsideration. See Certificate Denying Reconsideration, dated July 7, 2005 (reproduced as Ex. S to Resp. Decl.).

### D. The Instant Petition

Brown submitted the instant petition for a writ of habeas corpus on August 8, 2005. See Petition Under 28 USC § 2254 For Writ of Habeas Corpus by a Person in State Custody, filed Sept. 2, 2005 (Docket #1) ("Petition"). Brown argues that he was illegally sentenced as a persistent violent felony offender because (1) a 10-year limitations period for consideration of violent felonies under the relevant state statutes had expired with respect to his previous convictions; (2) one of his previous convictions could not have served "as a basis for enhanced sentencing"; and (3) the failure to sentence him "in accordance with . . . legislative intent . . . violates [his] due process." Id. ¶ 12. Brown also claims that the identification should have been suppressed, and that his appellate counsel was ineffective because Brown was led "to believe that [he] was a persistent violent felony offender . . . when [he] ask[ed] for a plea of time served." Id. Respondent filed opposition papers. See Resp. Mem.; Resp. Decl. Brown did not file a reply.

4

II. DISCUSSION

The respondent argues that the petition is time-barred. See Resp. Mem. at 15-17. The governing statute, 28 U.S.C. § 2244(d)(1), provides a one-year limitation period on the filing of habeas corpus petitions. While section 2244 provides several possible dates from which the one-year period may begin to run, the only apparently applicable date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under Second Circuit case law, that period begins from "either the completion of certiorari proceedings in the United States Supreme Court, or – if the prisoner elects not to file a petition for certiorari – the time to seek direct review via certiorari has expired." Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.), cert. denied, 534 U.S. 924 (2001). Because Brown's conviction became final on October 6, 1997, when certiorari was denied, the one-year deadline expired on October 6, 1998, almost seven years before the August 8, 2005 filing date of his petition.

Section 2244 provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). But this provision is of no benefit to Brown because he filed no such application prior to the expiration of the one-year period. Nor did his filing of a post-conviction motion after the expiration of the one-year period "reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000).

5

Brown cannot benefit from the doctrine of equitable tolling since such tolling is available only where the petitioner shows that "extraordinary circumstances prevented him from filing his petition on time." Smith, 208 F.3d at 17. Further, he must "have acted with reasonable diligence throughout the period he seeks to toll." Id. No such circumstances have been suggested here.

Conclusion

For the foregoing reasons, Brown's petition is dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1). Because the petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c). In addition, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the judgment would not be taken in good faith.

SO ORDERED.

Dated: July 11, 2006
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Gary Brown
04-R-3608
Hudson Correctional Facility
Box 576
Hudson, New York 12534-0576

Frederick H. Wen
Assistant Attorney General
120 Broadway
New York, New York 10271

Brown cannot benefit from the doctrine of equitable tolling since such tolling is available only where the petitioner shows that "extraordinary circumstances prevented him from filing his petition on time." Smith, 208 F.3d at 17. Further, he must "have acted with reasonable diligence throughout the period he seeks to toll." Id. No such circumstances have been suggested here.

Conclusion

For the foregoing reasons, Brown's petition is dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1). Because the petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c). In addition, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the judgment would not be taken in good faith.

SO ORDERED.

Dated: July 10, 2006
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Gary Brown
04-R-3608
Hudson Correctional Facility
Box 576
Hudson, New York 12534-0576

Frederick H. Wen
Assistant Attorney General
120 Broadway
New York, New York 10271

6